**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **WILLIAM D. NELSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-CV-1079-MJR-DGW** |
| | ) | |
| **ANDREW OTT, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER**

**REAGAN, District Judge:**

On August 4, 2010, the Court received a letter in chambers from Petitioner Nelson asking for an extension of time to respond to the Court's order of July 14. The letter also indicates that Nelson does not consent to the assignment of the case to Magistrate Judge Donald Wilkerson for full disposition. Nelson also asks for various miscellaneous relief, including holding his petition "in abeyance" because he has not exhausted his remedies in the state courts. He makes reference to the 23-day deadline for Respondent Ott to file a response to his petition, evidently believing that the same deadline applies to him.

The Court wants to make three clarifications. First, Nelson does not need to respond to the Court's order dated July 14. Nelson, as the petitioner, has already made the case as to why the writ of habeas corpus should issue by filing his petition; the Court's order does not ask for further information from Nelson but instead asks the respondent, Ott, to make his case as to why the writ should not issue. Because Nelson is the petitioner, not the respondent, he has no deadline pending that the Court could extend. Second, the Court has not yet referred the case to Judge Wilkerson for full disposition. Judge Wilkerson is presently assigned for pretrial matters and to make a recommendation to the Court on how to handle the petition, and this assignment is completely within the Court's powers and discretion and does not require the consent of the parties. *See* 28

U.S.C. § 636(b)(1); R. 8(b) of the Rules Governing § 2254 Cases; S.D. Ill. R. 72.1. The parties may, however, consent for a magistrate judge to take on the case entirely. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b); S.D. Ill. R. 72.2. Magistrate judges do not have to handle felony criminal trials, so they generally have a more open docket for dealing with cases and can reach a decision in a more rapid fashion, should the parties decide to avail themselves of his services. However, at this point, it appears that Nelson does not want to take advantage of this provision, which is fully within his rights and he will not experience adverse consequences from this Court in doing so.

Third, and most importantly, Nelson's communication with the Court is inappropriate. The way to communicate with the Court is by filing documents with the clerk, and, with very few exceptions, parties cannot file documents with the clerk without certifying that they served the document on the other parties. Fed. R. Civ. P. 5(d)(1). Nelson sent the document to chambers directly and did not send respondent Ott a copy. Future communications with the Court that are not through the clerk's office and are not served on the other parties (unless a legitimate ex parte motion) will be returned without comment and will not be filed. The Court **DIRECTS** the clerk to file Nelson's letter as a motion for miscellaneous relief and to transmit a copy to Ott via CM/ECF. Ott may respond to the motion by August 24, 2010. The motion remains referred to Magistrate Judge Wilkerson for report and recommendation (if dispositive) or for decision (if a pretrial matter).

**IT IS SO ORDERED.**

**DATED August 5, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**