IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM D. NELSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:09-cv-1079-MJR-DGW |
| | ) | |
| ANDREW OTT, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Currently pending before the Court are a Motion to Stay (Doc. 11) and a Motion to Show Cause Why the Application for Writ of Habeas Corpus Should Not Issue (Doc. 13) filed by Petitioner William D. Nelson, and a Motion for a More Definite Statement filed by Respondent Andrew Ott (Doc. 12). For the reasons set forth below the Motion for More Definite Statement is **GRANTED** and the Motions to Stay and to Show Cause are **DENIED without prejudice**.

### BACKGROUND

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on December 11, 2009, challenging the constitutionality of his Illinois conviction and sentence for murder. Petitioner alleges that his "mixed petition" contains both exhausted and unexhausted claims. He states that he has exhausted his state remedies as to the following claims: 1) he was not proven guilty beyond a reasonable doubt; 2) the trial court abused its discretion by sustaining the state's objection to defense counsel's comment regarding the results of the laboratory analysis of the vacuum bag found in defendant's residence; and 3) the trial court abused its discretion when ruling on the evidentiary matters involving a state's witness. Petitioner also raises the following grounds, which he claims have not yet been exhausted: 1) the trial court erred in finding his

post-conviction petition untimely; 2) twenty-one claims of ineffective assistance of counsel; 3) four additional claims of ineffective assistance of counsel; 4) nine claims of prosecutorial misconduct; 5) the trial court erred in allowing the state to use perjured testimony; 6) six claims of ineffective assistance of appellate counsel; and 7) three claims of trial court abuse of discretion and judicial misconduct.

In response to the petition, Respondent Andrew Ott filed a Motion for More Definite Statement (Doc. 12) arguing that the petition is so vague and conclusory that the respondent cannot craft a thorough and informed response.

## ANALYSIS

A petition for a writ of habeas corpus must "specify all the grounds for relief available to the petitioner; state the facts supporting each ground; [and] state the relief requested." Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. "[A] petitioner must state specific, particularized facts which entitle him or her to habeas relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." *Adams v. Armountrout*, 897 F.2d 332, 334 (8th Cir. 1990). Summary references to transcripts, case records, and briefs on appeal are not sufficient to meet the requirements of Rule 2(c). District Courts are not required "to sift through voluminous documents filed by habeas corpus petitioners in order to divine the grounds or facts which allegedly warrant relief." *Adams*, 897 F.2d at 333.

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement of a claim when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." The motion must "point out the defects complained of and the details desired." The Seventh Circuit considers Rule 12(e) one of several "tools" the district court may use to require

additional specificity in a pleading. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).

The petition here is deficient because it does not explain, or even state, the factual basis for any of the claims raised. The petition does not specify the nature of the twenty-five claims of ineffective assistance of counsel, nine claims of prosecutorial misconduct, six claims of ineffective assistance of appellate counsel, or three claims of trial court abuse of discretion. Furthermore, the petition does not include any procedural details by which the Court and Respondent might determine when or how the claims were exhausted. Without these details, neither the Court nor the Respondent is able to determine "from the face of the petition alone" whether any of these claims have merit. Therefore, Respondent's Motion for a More Definite Statement is **GRANTED**. Petitioner shall file an amended petition within thirty days, that is, by **January 6, 2011.** The amended petition must include a complete statement of each claim.[1] The Clerk is **DIRECTED** to forward to Petitioner two copies of the Court's form Petition for Writ of Habeas Corpus along with a copy of this order.

*Motion for Stay*

The lack of detail in the petition causes further confusion because Petitioner has requested that the case be stayed and held in abeyance while he raises the claims designated as unexhausted in the Illinois courts. A district court has the power to stay and hold in abeyance a habeas corpus action to allow a petitioner to pursue unexhausted claims in state court where there is a risk that the already-exhausted claims raised in the petition would be time-barred if the petition were dismissed without prejudice. *Rhines v. Weber*, 544 U.S. 269, 279 (2005). A request for a stay and abeyance, however, is available "only in limited circumstances." *Id.* at 277. The district court must

---

[1] Petitioner should not state merely that he has twenty-five ineffective-assistance-of-counsel claims, but should describe each of the claims. The Court suggests that Petitioner phrase his claims as, "Trial counsel was ineffective because _____."

3

determine that "good cause" exists for the Petitioner's failure to exhaust state court claims prior to filing a habeas petition.  Because the claims lack factual and procedural details, the Court does not have the information necessary to make a finding of good cause for the filing of the petition before fully exhausting his state court remedies.  Accordingly, Petitioner's request for a stay is **DENIED without prejudice.**

*Law Library*

In the Motion for Stay and Motion to Show Cause Why the Writ Should Not Issue, the Petitioner also asks the Court to issue an order directing prison officials to allow him access to the law library, books, and photocopies.  This type of relief is not available in an action for habeas corpus.  Thus, the request is **DENIED**.  If Petitioner wishes to bring claims of unconstitutional denial of access to courts, he must file a separate lawsuit.

### CONCLUSION

Based on the foregoing, Respondent's Motion for a More Definite Statement (Doc. 12) is **GRANTED**.  Petitioner is **DIRECTED** to file an amended petition by **January 6, 2011**.  The Clerk is **DIRECTED** to forward to Petitioner two copies of the Court's form Petition for Writ of Habeas Corpus with a copy of this order.  Petitioner's Motion for Stay (Doc. 11) and Motion to Show Cause Why the Application for Writ of Habeas Corpus Should Not Issue (Doc. 13) are **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED: December 6, 2010**

                                               *s/ Donald G. Wilkerson*
                                               **DONALD G. WILKERSON**
                                               **United States Magistrate Judge**