IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM D. NELSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:09-cv-1079-DRH-DGW |
| | ) | |
| ANDREW K. OTT, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

**ORDER**

*Motion for Service of Process at Government Expense*

Now pending before the Court is Petitioner William D. Nelson's Motion for Service of Process at Government Expense (Doc. 32). The Court has reviewed the docket and finds that Respondent was served and answered the amended petition (Doc. 22) with a Motion to Dismiss (Doc. 25). Accordingly, Petitioner's Motion for Service of Process is found to be **MOOT**.

*Motion for Appointment of Counsel*

Nelson filed a motion for appointment of counsel on October 4, 2011 (Doc. 33). Appointment of counsel in habeas actions is governed by 18 U.S.C. §3006A, which provides that "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28. " 18 U.S.C. §3006A(a)(2), (a)(2)(B). Thus, unless "the interests of justice so require," litigants are not entitled to appointed counsel in federal postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005). If the Court determines, based upon its review of the record,

that an evidentiary hearing is warranted in the action, then appointment of counsel is required. *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Until that determination is made though it is within this Court's discretion to appoint counsel in habeas cases. *See Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). In exercising its discretion, the Court should consider the difficulty of the case, the petitioner's competence, the ability of the petitioner to successfully prosecute his case without the aid of an attorney, and his ability to hire an attorney. *See generally Dellenback v. Hanks*, 76 F.3d 820, 823 (7th Cir. 1996) (citing 28 U.S.C. §1915(d)).

Petitioner Nelson seeks appointment of counsel to assist him in filing a response to Respondent Ott's Motion to Dismiss the petition. Nelson indicates that in October 2011 his legal materials were confiscated by prison authorities. He argues in addition that his time in the law library has been limited to one two-hour period per week. As a result, Nelson argues, he has been unable to file a response to the pending Motion to Dismiss. He asks the Court to appoint counsel to assist him in preparing this document.

The Court notes that Respondent Ott filed the pending Motion to Dismiss on May 20, 2011 (Doc. 25). Nelson's response was due on June 20, 2011. He did not file a response by that date. In October 2011, at the time Nelson reports his legal materials were confiscated, his response was already over three months late. Thus, the Court does not believe that the confiscation of the materials is the cause of Nelson's difficulty in responding because he had access to the materials for over four months after Respondent filed the Motion to Dismiss.

Furthermore, Nelson has thus far represented himself admirably. On December 6, 2010, the Court ordered Nelson to file a more definite statement of his claims (Doc. 14). Nelson

responded by filing a cogent and thorough amended petition that contained all of the information required by the Court.

The Court also does not find Nelson's petition to be overly complex or different from the vast majority of habeas petitions that it sees. At this point, the Court has not yet assessed the merits of Nelson's claims or whether an evidentiary hearing might be appropriate. If such a hearing is warranted, then counsel would be appointed for Nelson at that time. However, for now, in light of the average level of difficulty of his claims and his demonstrated ability to communicate in writing, the Court is not convinced that Nelson is unable to prosecute this habeas action on his own. As such, the interests of justice do not require that counsel be appointed at this time.

For now, for the reasons outlined above, Petitioner William D. Nelson's Motion for Appointment of Counsel is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED: November 15, 2011**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**