IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM D. NELSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ANDREW OTT, )<br>)<br>Respondent. )<br>)<br>) | Case No. 3:09-cv-1079-DRH-DGW |

**REPORT AND RECOMMENDATIONS**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by the Respondent on May 20, 2011 (Doc. 25). For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**, that the case be dismissed, and that the Court adopt the following findings of fact and conclusions of law. It is **FURTHER RECOMMENDED** that the Court **SUBSTITUTE** Randy Pfister, the warden of the Pontiac Correctional Center, where Nelson is currently incarcerated, for Andrew Ott as Respondent. It is **FINALLY RECOMMENDED** that the Petitioner's Motion to Show Cause and for Evidentiary Hearing (Doc. 36), which the Court construes as a response to the Court's Order to Show Cause, be terminated.

FINDINGS OF FACT

On November 7, 1997, a jury in the Circuit Court of Bond County, Illinois, found Petitioner William Nelson guilty of first degree murder (Doc. 22). On November 18, 1997,

Nelson filed a motion for extension of time to file post-trial motions. He filed a second motion for extension of time on February 5, 1998. Even though Nelson had not yet filed post-trial motions, the trial court sentenced him to 45 years imprisonment on March 10, 1998. The trial court granted Nelson additional extensions of time to file post-trial motions. Nelson finally filed a post-trial motion, with assistance of counsel, on November 16, 1998. The trial judge died while the motion was pending, and a new judge was assigned. On April 24, 2000, Nelson filed a supplemental post-trial motion. The trial court held a hearing on the original post-trial motion on June 29, 2000, and entered an order denying it on July 10, 2000. The trial court held a hearing on the supplemental motion on September 22, 2000, and denied the motion in an order issued November 3, 2000 (Doc. 22-7).

Nelson appealed. The Appellate Court of Illinois, Fifth District, affirmed his conviction on October 8, 2002 (Doc. 22-1, pp. 2-16). The Illinois Supreme Court denied Nelson's Petition for Leave to Appeal on February 5, 2003 (Doc. 22). Nelson did not file a petition for writ of certiorari to the United States Supreme Court (Doc. 22, p. 3).

Nelson filed a petition for post-conviction relief in the trial court on April 4, 2003 (Doc. 22, p. 3). The trial court denied the post-conviction petition as untimely (Doc. 22-2, pp. 4-5). In a lengthy order discussing the time limits imposed by Illinois statute for filing a post-conviction petition in the trial court, the Illinois Appellate Court, Fifth District, affirmed the denial of the petition as untimely. The court explained that the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1(c) (2002), required a defendant to file a post-conviction petition "within three years of the 'date of conviction' unless he alleged facts demonstrating that the delay in filing was not due to his own culpable negligence" (Doc. 22-7, p. 5). The court determined that the "date of

conviction" for purposes of the Act was the date of sentencing. The court reasoned that "[a] postconviction petition is not a direct appeal; rather, it is a collateral challenge to a judgment. Thus, it is a separate proceeding." (Doc. 22-7, p. 7.) The court concluded that "the time for filing a postconviction petition begins to run on the date the court imposes a sentence, even if a posttrial motion remains pending" (Doc. 22-7, p. 10). The Court found, therefore, that Nelson's petition for post-conviction relief should have been filed by March 10, 2001, three years after his March 10, 1998, sentencing. He did not file until April 4, 2003, thus, Nelson's petition for post-conviction relief in the trial court was untimely (Doc. 22-7, p. 11). The appellate court also rejected Nelson's argument that the delay was excusable because it was not due to his culpable negligence (Doc. 22-7, pp. 11-14). The Illinois Supreme Court denied Nelson's petition for leave to appeal. *People v. Nelson*, 942 N.E.2d 459 (Ill. 2010).[1]

Nelson filed a petition for writ of habeas corpus in the United States District Court for the Central District of Illinois on December 11, 2009. The action was transferred to this Court on December 29, 2009 (Doc. 3). On December 6, 2010, the Court granted Respondent's Motion for a More Definite Statement and ordered Nelson to file an amended petition for writ of habeas corpus (Doc. 14). Nelson filed the amended petition on May 11, 2011. He raised the following grounds for relief:

1. He was not proven guilty beyond a reasonable doubt;
2. The prosecutor acted improperly by allowing witnesses to testify to facts not in evidence and for destroying evidence;

---

[1] Nelson's amended petition indicates that he filed additional motions in the trial court, including a Motion to Void Judgment filed June 23, 2008, a Second Petition to Void Judgment filed March 1, 2010, a Petition for New Trial filed July 1, 2010, and a Petition for Discharge from Custody in Violation of Right to Speedy Trial filed March 24, 2010 (Doc. 22, pp. 4-6).

3. The trial court abused its discretion in denying defendant's motion to introduce evidence at the end of trial; and

4. His appellate counsel was ineffective for failing to raise the ineffectiveness of his trial and post-conviction counsel.

(Doc. 22, pp. 9-15.)

On May 20, 2011, in response to the Amended Petition, Respondent filed a Motion to Dismiss, arguing that the Court should dismiss the petition because it was not filed within the one-year statute of limitations for filing habeas corpus actions in federal court (Doc. 25). Specifically, Respondent argued that Nelson's filing of a state post-conviction petition did not toll the federal statute of limitations. Respondent contended that the state post-conviction petition was not "properly filed," as required for it to have a tolling effect, because the state court rejected it as untimely.

Nelson did not respond to the Motion to Dismiss within the 30 days prescribed by local rule SDIL-LR 7.1(c)(1). Thus, on November 15, 2011, the Court issued an Order to Show Cause directing Nelson to demonstrate in writing by December 16, 2011, why Petitioner's motion should not be granted and his petition should not be dismissed (Doc. 35).

Nelson filed a "Motion to Show Cause" on December 16, 2011 (Doc. 36), which the Court construes not as a motion, but as a response to the November 15, 2011, Order to Show Cause. Nelson argued that he should not be precluded from filing his federal habeas petition because the state court erred in finding his state post-conviction petition untimely. He asserted specifically that the Illinois Appellate Court should not have required him to file his petition for postconviction relief until after the conclusion of direct review. Respondent filed a reply (Doc. 37).

CONCLUSIONS OF LAW

An inmate in state custody may challenge his underlying state conviction in a petition for habeas corpus relief pursuant to 28 U.S.C. §2254. Under 28 U.S.C. §2244(d), a habeas petition must be filed within strict time limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The burden is on the respondent to show that a petition is untimely. *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004). Respondent argued that Nelson's petition was untimely because he filed it more than a year after the conclusion of direct review.

***Nelson's federal petition for writ of habeas corpus is untimely.***

Section 2244(d)(1)(A) provides that the one-year limitation period begins to run at the conclusion of Petitioner's direct appeal. The Illinois Supreme Court denied Petitioner's PLA on direct appeal on February 5, 2003. Even though Petitioner did not appeal this decision to the

5

United States Supreme Court, he is entitled to the 90 days within which he could have appealed the decision. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Anderson v. Litscher*, 281 F.3d 672, 674-675 (7th Cir. 2002). As such, Petitioner's conviction became final on May 6, 2003. His federal petition for writ of habeas corpus was due one year later, on May 6, 2004. Petitioner did not file his petition here until December 12, 2009, over five years after the last date upon which he could timely file in federal court. Consequently, Nelson's federal petition is barred and should be dismissed as untimely.

***The one-year period of limitations is not subject to statutory tolling.***

Under 28 U.S.C. § 2244(d)(2), however, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The statute allows for tolling of the one-year limitations period only for "properly filed" applications for post-conviction relief. When a state court rejects a petition as untimely, it is not considered to be properly filed, and the statute of limitations, pursuant to section 2244(d)(2), is not tolled for that period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). In *Pace*, the Supreme Court held that even if the petition is originally accepted and the merits of its timeliness litigated in state court, when a post-conviction petition is deemed to be untimely under state law, it does not toll the statute of limitations, and "that is the end of the matter for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414. *See also Allen v. Siebert*, 552 U.S. 3, 7 (2007); *Simms v. Acevedo*, 595 F.3d 774, 779 (7th Cir. 2010) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)) (post-conviction petition is improperly filed where it did not comply with "applicable laws and rules governing filings"); *Freeman v. Page*, 208 F.3d 572, 576 (7th Cir. 2000) (determination

6

whether state collateral attack was properly filed is based upon state court's treatment thereof; if state court dismissed application as untimely, then it was not "properly filed" under § 2244(d)(2)).

The savings clause of 28 U.S.C. § 2244(d)(2) cannot save Nelson's petition from dismissal. He filed a petition for post-conviction relief in the trial court on April 4, 2003. Both the trial and appellate courts denied Nelson's petition for post-conviction relief as untimely because it was not filed within three years of the date of the imposition of his sentence, March 10, 1998. The state appellate court's determination that the post-conviction petition was untimely means that the petition was not "properly filed" for purposes of section 2244(d). Thus, Nelson's filing of the post-conviction petition had no tolling effect.[2]

***The one-year period of limitations is not subject to equitable tolling.***

Although Petitioner does not raise the issue, Respondent preemptively argues the one-year limitations period is not subject to equitable tolling. The Court agrees. Equitable tolling is limited to extraordinary circumstances, *see Holland v. Florida*, 130 S.Ct. 2549 (2010), and is rarely granted, *see Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). Any entitlement to equitable tolling requires the exercise of reasonable diligence. *Id.* The Court sees no evidence that Petitioner acted diligently in attempting to file his federal habeas petition within one year of the conclusion of direct review, and no evidence of extraordinary circumstances that would justify

---

[2] None of the other motions Nelson filed in the trial court toll the one-year limitations period because each of them was filed *after* the expiration of Nelson's time to file his federal habeas petition. Nelson should have filed his petition here by May 6, 2004. The earliest post-trial motion identified in the amended petition was filed June 23, 2008, over four years after the expiration of the one-year time limit. The Seventh Circuit recently reiterated that a "state proceeding that does not begin until the federal year has expired is irrelevant." *DeJesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (specifying that a state collateral proceeding commencing after the one-year limitations period has expired does not "reset the federal clock"). Accordingly, none of the various post-trial motions filed by Nelson in the trial court could have the effect of tolling the one-year statute of limitations, because they were all filed after the one-year period had run.

7

equitable tolling to allow Petitioner to file his petition for writ of habeas corpus over five years late. Accordingly, the undersigned recommends that equitable tolling is not applicable here.

***This Court is bound by the state court's interpretation of state law.***

Finally, the Court notes that Nelson challenges the Illinois Appellate Court's determination that his petition for post-conviction relief was untimely. He contends that due to the unusual circumstances of his case, whereby he was sentenced well before the trial court ruled on his post-trial motions, the Illinois statute's requirement (as interpreted by the appellate court) that he file his post-conviction petition within three years of his date of sentencing led to an unreasonable result. That is, his petition for post-conviction relief was due before the conclusion of his direct appeal. This Court can provide no relief based on this argument because the state court's determination was purely a matter of state law, over which this Court has no subject matter jurisdiction. Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws of the United States. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("federal habeas corpus relief does not lie for errors of state law.") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Federal courts sitting in habeas lack subject matter jurisdiction over issues of state law, s*ee Lambert v. Davis*, 449 F.3d 774, 778-79 (7th Cir. 2006), and lack authority to "second-guess" a state court's ruling on state law, *Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005). Furthermore, federal courts are 'bound by the state court's interpretations of state law." *Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003). As a result, this Court's analysis necessarily ends with the determinations that Nelson's federal petition is barred because it was not filed within one year of the conclusion of direct review, and is not subject to either statutory or equitable tolling.

## CONCLUSION

Therefore, based on all the foregoing, it is **RECOMMENDED** that the Respondent's Motion to Dismiss (Doc. 25) be **GRANTED**, that the case be dismissed, and that the Court adopt the foregoing findings of fact and conclusions of law. It is **FURTHER RECOMMENDED** that the Court **SUBSTITUTE** Randy Pfister, the warden of the Pontiac Correctional Center, where Nelson is currently incarcerated, for Andrew Ott as Respondent. It is **FINALLY RECOMMENDED** that the Motion to Show Cause and for Evidentiary Hearing (Doc. 36), which the Court construed as a response to the Court's Order to Show Cause, be terminated.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have fourteen (14) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge these Recommendations before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 4, 2012**

*Donald Wilkerson* (signature)

**DONALD G. WILKERSON**
**United States Magistrate Judge**