IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM D. NELSON,

Petitioner,

v.

ANDREW OTT,

Respondent.                                        No. 09-1079-DRH-DGW

ORDER

HERNDON, Chief Judge:

Before the Court is petitioner William D. Nelson's objection (Doc. 39) to

Magistrate Judge Donald G. Wilkerson's Report and Recommendations (the Report)

(Doc. 38), recommending that the Court grant respondent Andrew Ott's[1] motion to

dismiss based upon the fact that Nelson's petition for writ of habeas corpus under

28 U.S.C. § 2254 is untimely.  For the reasons that follow, the Court adopts the

Report.  Respondent's motion to dismiss is granted, his motion to show cause and

for evidentiary hearing is terminated, and the case is dismissed.

Since timely objections have been filed, this Court must undertake *de novo*

review of the Report.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); SDIL-LR

73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).  The Court may

---

[1]Magistrate Judge Wilkerson, recommended that Randy Pfister, the warden
of the Pontiac Correctional Center, where Nelson was incarcerated be substituted
for Andrew Ott as respondent.  Since that time, however, petitioner was
transferred to the Danville Correctional Center.  Accordingly, Keith Anglin,
warden of the Danville Correctional Center, is substituted as respondent.

"accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999). In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id.*

In the Report, Magistrate Judge Wilkerson found that petitioner's federal petition for writ of habeas corpus was untimely under the one-year period of limitations provided for by 28 U.S.C. § 2244(d), finding that petitioner's conviction became final on May 6, 2003, ninety days from the date the Illinois Supreme Court denied petitioner's petition for leave to appeal on direct appeal. See *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Thus, Judge Wilkerson found that petitioner's federal petition for writ of habeas corpus was due one year later, on May 6, 2004, but petitioner did not file his petition until December 12, 2009, over five years from the last date he could timely file in federal court.

In his objection, petitioner appears to be contending that this Court should reject Magistrate Judge Wilkerson's Report based upon errors made by the Illinois state courts in determining that his petition for post-conviction relief was untimely. As Magistrate Judge Wilkerson explained in his Report, however, "federal habeas corpus relief does not lie for errors of state law." See *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). This Court lacks the authority to determine whether the Illinois appellate court was correct in finding that petitioner had not "properly" filed a post-conviction petition. See *Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005) (finding that the Seventh Circuit had no

authority to second-guess a ruling based on state law in the context of  whether a

petitioner's post-conviction petition was properly filed).   Moreover, although

petitioner does not raise equitable tolling in his objections, the Court finds that

petitioner has not shown any extraordinary circumstances outside of his control, nor

that he has diligently pursued his claim despite the obstacle.   See *Tucker v.*

*Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (finding that equitable tolling may apply

to cases on collateral review but only when it does not conflict with the strictures of

28 U.S.C. § 2244(d) and noting that the Seventh Circuit has yet to identify a

petitioner whose circumstances warrant it).   Thus, petitioner's objection must be

denied.  The Report is adopted, respondent's motion to dismiss (Doc. 25) is granted,

the motion to show cause and for evidentiary is terminated, and the case is

dismissed with prejudice.  The Court issues petitioner a certificate of appealability

on the timeliness issue.

    **IT IS SO ORDERED.**

    Signed this 9th day of March, 2012.

David R. Herndon
2012.03.09
16:28:40 -06'00'

**Chief Judge**
**United States District Court**